IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARRY CHANNON and DAWN CHANNON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>WESTWARD MANAGEMENT, INC., an Illinois Corporation,<br><br>      Defendant. | Case No. _____<br><br>Cook County No. 19CH04869 |

## NOTICE OF REMOVAL

Defendant WESTWARD MANAGEMENT, INC. ("Westward"), by and through its attorneys BRIAN J. RIORDAN, KRISTA M. STOUMBOS, and CLAUSEN MILLER P.C., and pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, hereby removes to the United States District Court, Northern District of Illinois, Eastern Division, the above-styled action, pending as Case No. 2019-CH-04869 in the Circuit Court of Cook County, Illinois, Chancery Division. In support of its Notice of Removal, Westward states the following:

### BACKGROUND

1.  On April 16, 2019, HARRY CHANNON and DAWN CHANNON (collectively "Plaintiffs") commenced a putative class action against Westward asserting claims for alleged violations of the Illinois Condominium Property Act (the "Condo Act"), 765 ILCS 605/22.1, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 (the "State Court Action"). A true and correct copy of the Class Action Complaint (the "Complaint") and summons is attached hereto as Exhibit A.

1

2. In the Complaint, Plaintiffs allege Westward acted as the property management agent and financial services management agent for the Kenmore Club Condominium Association ("the Association"). Ex. A at ¶¶ 6, 9. Plaintiffs further allege Westward violated the Condo Act and ICFA by charging them "unreasonable and excessive fees to obtain copies of certain records that [the Condo Act requires] condominium sellers to provide prospective buyers." *Id.* at ¶ 1. The records are referred to as "disclosure documents." *Id.* at ¶ 2. Plaintiffs allege the Association itself is not able to provide disclosure documents to the seller and, instead, Westward "manages" disclosure documents for the Association. *Id.* at 9.

## BASIS OF JURISDICTION

3. Westward files this Notice to remove the State Court Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA vests this Court with original jurisdiction over a class action where the amount in controversy exceeds $5,000,000 and an member of the class of plaintiffs is a citizen of a state which is different from any defendant. *Id.* § 1332(d)(2). As detailed below, the requirements of CAFA are satisfied in this matter.

**A.** **The State Court Action is a class action as defined by CAFA.**

5. A class action under CAFA is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

6. Plaintiffs brought the State Court Action as a putative class action on behalf of themselves and others similarly situated pursuant to 735 ILCS 5/2-801. Ex. A at ¶¶ 65-69.

7. Plaintiffs' Complaint falls within CAFA's definition of a putative class action.

6149898.1

**B.  The putative class and sub-classes exceed 100 members.**

8. To comply with CAFA, the number of members of all proposed plaintiff classes in the aggregate total 100 or more. 28 U.S.C. § 1332(d)(5).

9. Plaintiffs defined the putative class in the Complaint as follows:

> All persons who sold or attempted to sell a condominium unit in a condominium association managed by Defendant where the purchaser(s) demanded that seller(s) provide the legally required disclosure information listed in 765 ILCS 605/22.1, compelling the seller(s) to pay Defendant what is supposed to be a "reasonable fee" to obtain this information from Defendant.

Ex. A at ¶ 65.

10. To support their class action allegations, Plaintiffs vaguely stated, "[t]he Class is likely to consist of hundreds, if not thousands, of individuals due to Defendant's management of a number of condominium associations" in and around Chicago. *Id.* at ¶ 66. Plaintiffs further alleged Class members can be identified through Westward's records. *Id.* at ¶ 66.

11. By Plaintiff's own allegations in the Complaint, the number of members of the putative class as defined by Plaintiffs exceeds 100 and this requirement is satisfied.

12. Additionally, Westward reviewed its records of Section 22.1 disclosure transactions in Illinois between August 2018 and December 2018. There were a total of 183 transactions during this period of time. Westward Section 22.21 Transactions from August 2018 through December 2018 attached hereto as Exhibit B.

**C.  The CAFA requirement of minimal diversity is met.**

13. Under CAFA, the minimal diversity requirement is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. Westward was incorporated in the State of Delaware.

15. Under the "nerve center" test, a "corporation has a single principal place of business where its executive headquarters are located." *Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir, 1991). Westward's executive headquarters are located in Denver, Colorado.

16. For purposes of diversity jurisdiction, Westward is a citizen of Delaware and Colorado.

17. As expressly stated in Plaintiffs's Complaint, Plaintiffs are natural persons and citizens of the State of Illinois. Ex. A ¶ 35. Natural persons are citizens of the state where he or she is domiciled and a person's domicile is "the state where the person is physically present with an intent to remain there indefinitely." *Anderson v. Bayer Corp.*, No. 09-988, 2010 U.S. Dist. Lexis 2636, at *13 (S.D. Ill Jan. 13, 2010) (citing *Dakuras v. Edwards,* 312 F.3s 256, 258 (7th Cir. 2002). Plaintiffs allege they owned real property in Illinois for several years until 2016 and that they continue to reside in Illinois today. Ex. A at ¶¶ 35, 37. Plaintiffs are citizens of Illinois for diversity purposes and are thus diverse from Westward. The requirement of minimal diversity is established.

18. In the alternative, any Plaintiff who is not a citizen of Delaware or Colorado is diverse from Westward and minimal diversity is established under CAFA.

**D.    The amount in controversy exceeds $5,000,000.**

19. This Court has original jurisdiction over a class action where the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). Individual class members' claims are aggregated to determine the amount in controversy. *Id.* §1332 (d)(6).

20. The amount in controversy requirement is satisfied by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d

4

6149898.1

446, 449 (7th Cir. 2005). Only a legal certainty that the judgment will be less than the amount the proponent of jurisdiction has put forth will foreclose jurisdiction. *Id.* at 448.

21. In addition to other prayers for relief, Plaintiffs seek an award of compensatory damages, punitive damages, and attorney's fees and costs. Ex. A at Prayer for Relief, p. 29. It is proper for this Court to consider Plaintiffs' request for punitive damages when calculating the amount in controversy. *See, e.g., Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274-275 (7th Cir. 2011). In determining amounts in controversy, courts in the Seventh Circuit have applied figures with up to a 9:1 ratio of punitive damages to actual damages. *See Id.* at 275; *Johnson v. Pushpin Holdings, LLC*, No. 13-7468, 2013 U.S. Dist. LEXIS 111901, at *9 (N.D. Ill. Aug. 13, 2014); *Robinson v. Avanquest N. Am. Inc.*, No. 14-8015, 2015 U.S. Dist. LEXIS 4284, at *12 (N.D. Ill. Jan. 13, 2015.

22. In the case *sub judice*, Plaintiffs allege an amount in controversy which exceeds $5,000,000. Plaintiffs allege they were charged $245.00 for their disclosure documents. Ex. A ¶ 54.

23. Westward conducted Section 22.1 transactions from at least the period of 2008 through present. Based on its records, Westward conducted an average of thirty-seven (37) Section 22.1 disclosures per month, or four-hundred-forty-four (444) transactions per year. Thus, a fair estimate of the number of individuals who fall within Plaintiffs' class definition is at least four thousand, four-hundred, and forty (4,440).

24. Accordingly, the amount of actual damages Plaintiffs seek is $1,087,800. Applying a 4:1 ratio of punitive damages to actual damages, it is reasonably probable the amount at stake in this litigation is at least $5,439,000.

25. Based upon Plaintiffs' prayers for relief, the $5,000,000 minimum for diversity jurisdiction under CAFA is established.

## PROCEDURAL REQUIREMENTS

26. This Notice of Removal is timely filed within thirty days of service of the Complaint on Westward on July 29, 2019. 28 U.S.C. § 1446(c).

27. On May 7, 2019, Plaintiffs attempted to serve Westward through the Cook County Sheriff service by leaving a copy of the Summons and Complaint with one of Westward's employees, Laz Estrada. Sheriff's Affidavit of Service attached hereto as Exhibit C.

28. This initial attempt at service was improper under Illinois law because Estrada is not Westward's Registered Agent, Estrada is not authorized to receive service on behalf of Westward, and Estrada is not an officer of Westward. *MB Fin. Bank, N.A. v. Ted & Paul, LLC,* 2013 IL App (1st) 122077, ¶ 29 (1st Dist. 2013) citing *Dei v. Tumara Food Mart, Inc.,* 406 Ill. App. 3d 856, 862 (1st Dist. 2010).

29. On July 19, 2019, Plaintiffs filed a Motion for Entry of Default Judgment. Plaintiff's Motion for Entry of Default attached hereto as Exhibit D.

30. On July 25, 2019, Westward filed a Motion to Quash Service supported by two Affidavits. Westward's Motion to Quash Service attached hereto as Exhibit E.

31. On July 29, 2019, counsel for Westward and counsel for Plaintiffs appeared before the Honorable Anna M. Loftus in the Chancery Division of the Circuit Court of Cook County, Illinois. Plaintiffs conceded that service was improper, withdrew their Motion for Default, and the parties stipulated to the effective date of service as July 29, 2019. Order of the Honorable Anna M. Loftus attached hereto as Exhibit F.

6149898.1

32. Venue is proper in this district, the federal judicial district that encompasses the Circuit Court of Cook County, Illinois, Chancery Division, where this action was originally filed. 28 U.S.C. § 1446(a).

33. Promptly after filing this Notice of Removal, Westward will file a a copy with the Clerk of the Circuit Court of Cook County, Illinois, Chancery Division and serve a copy on all counsel of record pursuant to 28 U.S.C. § 1446(d).

34. Westward does not waive any defenses or objections to Plaintiffs' Complaint in filing this Notice of Removal.

WHEREFORE, Defendant Westward respectfully removes this action to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

KRISTA M. STOUMBOS
CLAUSEN MILLER P.C.

BRIAN J. RIORDAN
KRISTA M. STOUMBOS
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois 60603
Tel: (312) 855-1010
Email: briordan@clausen.com
　　　　kstoumbos@clause.com
Attorneys for Defendant
WESTWARD MANAGEMENT, INC.

6149898.1